UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BOARD OF TRUSTEES OF THE UNITED UNION OF )
ROOFERS, WATERPROOFERS & ALLIED WORKERS )
LOCAL UNION NO. 8 W.B.P. & A. FUNDS and THE )
UNITED UNION OF ROOFERS, WATERPROOFERS & )
ALLIED WORKERS LOCAL UNION NO. 8, )
                                                                     Plaintiffs, )

Index No.: 19-cv-6601

**COMPLAINT**

-against-

L. MARTONE & SONS INC.,

                                                                     Defendant.

---

Plaintiffs, Board of Trustees of the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 W.B.P. & A. Funds (hereinafter referred to as the "Funds") and the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Fund in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provides fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Plaintiff Trustees as fiduciaries of the Fund are authorized to collect fringe benefit contributions on behalf of the employees and maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29

U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Fund's principal office is located and administered at 12-11 43rd Avenue, Long Island City, New York 11101 in the County of Queens.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 12-11 43rd Avenue, Long Island City, New York 11101 in the County of Queens.

10. Upon information and belief, the Defendant, L. Martone & Sons Inc. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5), (11) and (12) and 515 of ERISA (29 U.S.C. Sections 1002(5) (11) and (12) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185). Defendant is an Employer of employees covered by employee benefit plans and multiemployer plans maintained pursuant to the C.B.A., all as defined in ERISA 3(3) and (37) and is obligated to make contributions to the plans in accordance with ERISA 515, 29 U.S.C. Section 1145.

11. Upon information and belief, the Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 166 Sea Cliff Avenue, Glen Cove, New York 11542 in the County of Nassau.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union by virtue of membership in an Employer Association.

13. The C.B.A. and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture and the Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy").

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds and Union from the Employer contribution reports, benefit contributions, and interest owed on the late payment of contributions.

15. The Employer has failed and refused to remit benefit fund remittance reports due and owing under the C.B.A. and in accordance with the Trust Indentures for the period of June, 2019 through to and October, 2019. Failure by an Employer to remit the required remittance reports when due shall result in the Funds estimating the amount due in accordance with the Policy.

16. The period described in paragraph 15 above is due and owing to the Funds and is subject to audit by the Fund and/or Union.

17. In addition to the Employer's failure to remit contributions and reports to the Funds, the Employer has failed and refused to remit to the Funds interest owed on the late payment of

contributions remitted for the period of September, 2017 through to and including May, 2019 in the amount of $22,194.85.

18. The Employer's failure, refusal or neglect to remit the proper contributions, reports, and interest owed on the late payment of contributions to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are a third party beneficiary.

19. Pursuant to the C.B.A. upon the Employer's failure to submit the remittance reports and to pay the fringe benefit contributions as they become due, the Employer is obligated to the pay the following: the additional amount of liquidated damages, interest, attorneys' fees and court costs as established by the Trustees.

20. Accordingly, the Employer is liable to Plaintiffs for fringe benefit funds contributions and remittance reports for the period of June, 2019 through to and October, 2019, interest owed on the late payment of fringe benefit contributions for the period September, 2017 through to and including May, 2019 in the amount of $22,194.85, plus any amounts found due for the period June, 2019 through October, 2019, for which the employer has failed to submit remittance reports, plus interest, liquidated damages on the unpaid contributions for the period June 2019 through October, 2019, and court costs and disbursements and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

21. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "20" of this Complaint as if fully set forth at length herein.

22. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

23. The Employer has failed to submit the remittance reports and its corresponding fringe benefit contributions and has failed to timely pay the fringe benefit contributions. Such failure to remit timely payment and reports constitute a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

24. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145), which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to plaintiff Funds the unpaid benefit contributions, plus liquidated damages and interest on the unpaid principal amount due together with reasonable attorneys' fees and costs and disbursements incurred in the action.

25. The failure to pay has injured the participants of the plan who were taxed on certain contributions that they did not receive and has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Fund and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and potentially higher contribution amounts.

26. Accordingly, the Employer is liable to Plaintiffs under the C.B.A. and Policy concerning the payment of fringe benefit contributions and interest under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

27. Accordingly, the Employer is liable to Plaintiffs for benefit funds contributions and remittance reports for the period of June, 2019 through to and October, 2019, interest owed on the late payment of contributions for the period September, 2017 through to and including May, 2019 in the amount of $22,194.85, plus additional interest on the unpaid contributions, liquidated damages on the unpaid contributions, court costs and disbursements, attorneys' fees in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## **AS AND FOR A THIRD CLAIM FOR RELIEF**

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 27" of this Complaint as if set forth at length herein.

29. Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Employer is required to timely submit current benefit contributions and reports to Plaintiffs.

30. Upon information and belief, the Employer has in the past failed to timely submit benefit contributions and reports to plaintiffs and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement and the Policy.

31. During the course of the instant action, additional contributions or interest may become due and owing. If defendant fails to pay the contributions and/or delinquency charges (interest) as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against defendant L. Martone & Sons Inc. as follows:

On the First and Second Claims for Relief:

(a) For a Judgment against the Defendant for any monies found due and owing as a result of the submission of remittance reports for the period June, 2019 through to and including October, 2019; which shall include the principal amount due, plus interest from the date of delinquency and liquidated damages of the principal amount due as set forth in the C.B.A. Section 502(g)(D) or ERISA, 29 U.S.C. Section 1132 (g)(2)(D),

(b) In the minimum sum of $22,194.85 for unpaid interest owed on the late payment of contributions for the period of September, 2017 through to and including May, 2019;

(c) Attorneys' fees and court costs and disbursements as set forth in the C.B.A. and Policy and as mandated by Section 502(g)(2)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Third Claim for Relief:

    (d) Damages in the amount of any additional contributions and/or delinquency charges (interest), which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On All Claims for Relief:

    (e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
       November 20, 2019

                                      Respectfully submitted,
                                      BARNES, IACCARINO & SHEPHERD LLP

                                      *Dana L. Henke*
                                      Dana L. Henke, Esq.
                                      Attorneys for Plaintiffs
                                      258 Saw Mill River Road
                                      Elmsford, New York 10523
                                      (914) 592-1515